# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL O'HARA, JOHN J. BROWN, CURTIS CARROLL, JOHN CONWAY, RUDOLPH SZEGDA AND MICHAEL WOODSON, on their own behalf and on behalf of all those similarly situated, **Plaintiffs** | ) ) ) ) ) ) ) |
| v. | ) ) )    Civil Action No. |
| THOMAS MENINO, as he is MAYOR of the CITY OF BOSTON, PAUL EVANS, as he is COMMISSIONER of the BOSTON POLICE DEPARTMENT, CITY OF BOSTON and BOSTON POLICE DEPARTMENT, **Defendants** | ) ) ) ) ) ) ) |

**0 1 - 10470 MLW**

## CIVIL COMPLAINT AND JURY DEMAND

1. This is an action for declaratory relief and monetary damages brought by patrol officers

    of the Boston Police Department against the City of Boston and its Mayor, Thomas

    Menino, and the Boston Police Department and its Commissioner, Paul Evans, for

    violations of the Fair Labor Standards Act of 1938, as amended, 20 U.S.C. § 201 et seq.

    (FLSA).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C.

    §§ 1331, 1337.

3. Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

4. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).



## PARTIES

5. Plaintiff Michael O'Hara is a patrol officer employed by the Boston Police Department and is a resident of the Commonwealth of Massachusetts.

6. Plaintiff John J. Brown is a patrol officer employed by the Boston Police Department and is a resident of the Commonwealth of Massachusetts.

7. Plaintiff Curtis Carroll is a patrol officer employed by the Boston Police Department and is a resident of the Commonwealth of Massachusetts.

8. Plaintiff John Conway is a patrol officer employed by the Boston Police Department and is a resident of the Commonwealth of Massachusetts.

9. Plaintiff Rudolph Szedga is a patrol officer employed by the Boston Police Department and is a resident of the Commonwealth of Massachusetts.

10. Plaintiff Michael Woodson is a patrol officer employed by the Boston Police Department and is a resident of the Commonwealth of Massachusetts.

11. The named plaintiffs are members of the Boston Police Patrolmen's Association, Inc. (BPPA).

12. The BPPA is the exclusive representative of non-detective patrol officers employed by the Boston Police Department for bargaining over wages, hours and other working conditions.

13. Defendant City of Boston is a municipality of, and a political subdivision of the Commonwealth of Massachusetts.  The City is an employer within the meaning of 29 U.S.C. § 203(d).

14. Defendant Thomas Menino is the Mayor of the City of Boston.

15. Defendant Boston Police Department (BPD) is a department of the City of Boston. The BPD is an employer within the meaning of 29 U.S.C. § 203(d).

16. Defendant Paul Evans is the Commissioner of and appointing authority for the BPD.

## FACTS

17. The City and the BPPA are parties to a collective bargaining agreement (Agreement), which sets out certain wages, hours and other working conditions for the non-detective patrol officers ("patrol officers") employed by the BPD.

18. The Agreement provides that, with certain exceptions, patrol officers shall work a "four and two" schedule. That is, officers work a recurring cycle of four consecutive days on duty, followed by two consecutive days off duty. So, for example, in week one, officer A works Monday through Thursday, with Friday and Saturday off. Officer A then works Sunday through Wednesday, with Thursday and Friday off. This cycle repeats every six weeks, or 42 days.

19. Plaintiffs all work a "four and two" schedule.

20. Plaintiffs and other patrol officers are paid weekly.

21. Patrol officers working on the day shift generally work 8.5 hours per shift. In four of every six weeks, such officers work five shifts, or 42.5 hours. Patrol officers working on the night shift generally work 7.75 hours per shift.

22. The Agreement provides that day shift officers receive a "lunch" stipend, also referred to as a shift differential, that equals 6.25% of their base pay per shift.

23. The Agreement provides that night shift officers receive a shift differential of 9% of their base pay per shift.

3

24. The Agreement provides that officers with educational degrees in certain disciplines shall receive educational incentive stipends, pursuant to Chapter 41, Section 108L of the Massachusetts General Laws ("Quinn Bill stipends").

25. Plaintiffs and other patrol officers regularly work overtime.

26. Under the Agreement, patrol officers receive one and one half times their contractual base rate of pay for hours worked outside their regularly scheduled shifts.

27. The Defendants do not include shift differentials or Quinn Bill stipends in patrol officers' contractual base rate of pay for purposes of determining the overtime pay rate.

28. The Defendants do not pay patrol officers at the proper overtime rate for time spent performing involuntary "strike details." Such work is paid at a lower contractual "detail rate," although it is not "special detail work" as that term is defined by 29 U.S.C. §207(p)(1) and M.G.L. c. 44, §53C.

29. The Defendants do not pay patrol officers at the proper overtime rate for time spent performing "details" for City of Boston Agencies ("City details"). Such work is paid at a lower contractual "detail rate," although it is not "special detail work" as that term is defined by 29 U.S.C. §207(p)(1) and M.G.L. c. 44, §53C.

30. The Defendants do not possess a partial public safety exemption from the Fair Labor Standards Act's overtime requirements pursuant to 29 U.S.C. § 7(k), as they have not taken the necessary steps to obtain such an exemption.

31. Patrol officers receive compensatory time for certain hours worked but not paid.

32. The Defendants provide this compensatory time on an hour-for-hour basis, not at a time and one half basis.

33. The Defendants have no agreement regarding compensatory time in place, as required by 29 U.S.C. § 207(o).

34. The Defendants do not keep the records required by the FLSA.

35. The BPPA notified the Defendants of its FLSA obligations on several occasions in the past but the Defendants did not change their practices.  The Defendants' continued violations of the FLSA are willful, as that term is defined in 29 U.S.A. §255(a).

### CAUSES OF ACTION

#### COUNT I – VIOLATION OF 29 U.S.C. § 207
#### FAILURE TO PAY OVERTIME FOR HOURS OVER 40

36. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-35.

37. The Defendants have violated the FLSA by failing to pay officers overtime as required by 29 U.S.C. § 207 for all hours worked over 40 in a week.

#### COUNT II– VIOLATION OF 29 U.S.C. § 207
#### UNDERPAYMENT OF OVERTIME DUE

38. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-35.

39. Defendants have willfully miscalculated the regular rate of pay for plaintiffs under 29 C.F.R. Part 778 by failing to include shift differentials and Quinn Bill stipends in the regular rate for purposes of calculating overtime pay.

40. Because of the Defendant's willful miscalculation, the Defendants have failed to pay plaintiffs overtime payments due under 29 U.S.C. § 207.

### COUNT III– VIOLATION OF 29 U.S.C. § 207
### COMPENSATORY TIME VIOLATIONS

41. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-35.

42. Defendants have violated the FLSA by failing to provide the proper amount of compensatory time at the proper rate.  Additionally, the Defendants have violated the FLSA by failing to have a proper compensatory time agreement in place.

### COUNT IV– VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME FOR STRIKE AND "CITY" DETAIL WORK

43. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-35.

44. Defendants have willfully failed to pay plaintiffs time and one half of the applicable regular rate of pay for work done by plaintiffs on strike details and on City details.

45. Because of the Defendant's willful conduct, the Defendants have failed to pay plaintiffs overtime payments due under 29 U.S.C. § 207.

### COUNT V - – VIOLATION OF 29 U.S.C. § 211
### FAILURE TO MAINTAIN RECORDS

46. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-35.

47. The City has violated the FLSA by failing to keep records required by the statute and its regulations.

## JURY DEMAND

48. The Plaintiffs demand a jury trial on all claims.

WHEREFORE, Plaintiffs respectfully request that this Court:

a.      Order that the named plaintiffs' claims are representative of the claims of all patrol officers employed by the BPD;

b.      Order that all patrol officers employed by the BPD be notified of this action and given an opportunity to join this action by filing a consent with the Court;

c.      enter a declaratory judgment that Defendants have willfully and wrongfully violated their statutory obligations under the FLSA and deprived Plaintiffs of their entitlements under the law;

d.      order Defendants, under the supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA time or damages due to each Plaintiff for hours worked since March 1, 1998;

e.      enter a judgment against Defendants under Section 16 of the FLSA for all sums found due to each Plaintiff;

f.      award each Plaintiff monetary liquidated damages equal to their unpaid FLSA compensation, plus interest;

g.      award Plaintiffs their reasonable attorney's fees and costs of this action, to be paid by the Defendants; and

h.    grant such other relief as may be just and proper.

Respectfully submitted,

**MICHAEL O'HARA, JOHN J. BROWN,
CURTIS CARROLL, JOHN CONWAY,
AND MICHAEL WOODSON,** on their own
behalf and on behalf of all those similarly situated,

By their attorneys,

Date:   March 19, 2001

John M. Becker, BBO # 566769
Bryan Decker, BBO # 561247
*Sandulli, Grace, Shapiro,*
*Horwitz & Davidson, P.C.*
40 Broad Street, Suite 830
Boston, MA 02109
617-338-0400

8